# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RAMIRO GALICIA,

    Petitioner,

vs.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:11-CV-00017-RCJ-(VPC)

**ORDER**

    Before the court are the first amended petition for writ of habeas corpus (#12), respondents' motion to dismiss (#21), petitioner's opposition (#23), and respondents' reply (#24). The court finds that one ground for relief does not state a claim, and the court grants the motion in part.

    Pursuant to a plea agreement, petitioner was convicted of first-degree murder in violation of an extended order for protection against domestic violence. The state district court sentenced petitioner to life imprisonment without the possibility of parole for the murder, and the court sentenced petitioner to consecutive two to five years' imprisonment for the protective-order violation. Ex. 15 (#13). Petitioner did not appeal the judgment of conviction.

    Petitioner then commenced post-conviction proceedings in state court. He filed a proper-person habeas corpus petition. Ex. 23 (#13). The state district court appointed Matthew D. Ence to represent petitioner, and counsel filed a supplement to the petition. Ex. 30 (#13). The state district court conducted an evidentiary hearing. Ex. 33 (#14). The state district court then denied the petition. Ex. 35 (#14). Petitioner appealed. The state public defender was appointed to represent petitioner on appeal. Ex. 37 (#14). The Nevada Supreme Court affirmed. Ex. 44 (#14).

Petitioner then commenced this action. The court appointed counsel, who filed the first amended petition (#12). The motion to dismiss (#21) followed.

Respondents first argue that petitioner has not exhausted his state-court remedies for federal amended grounds 2 and 4. Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

In federal amended ground 2, petitioner claims that his attorney provided ineffective assistance because the attorney failed to advise petitioner of his right to appeal. In federal amended ground 4 petitioner claims that his attorney provided ineffective assistance because the attorney failed to adequately investigate and prepare a defense for petitioner. Such defenses included heat of passion and mental illness.

Petitioner raised the same claims as grounds 1 and 3 of his state habeas corpus petition. Ex. 23 (#13). He restated the grounds in his supplement. Ex. 30, at 5 (#13). At the evidentiary hearing Ence, petitioner's attorney, effectively dropped the grounds:

> "Your Honor, I believe that Petitioner does not wish to challenge the legality of his sentence or any portion of the sentence, either, at this stage. At this stage he's simply interested in being able to withdraw the plea, and that is the entirety of the appeal that he wishes to pursue right now."

Ex. 33, at 52 (#14). On appeal from the denial of that petition the state public defender, now representing petitioner, attempted to revive the grounds. First, petitioner argued:

> "Despite his reliance on interpreters, review of the overall record of the evidentiary itself makes it clear that Mr. Galicia has and had no clear understanding of his situation, the circumstances or procedures, or what his guilty plea involved.
>
> "In addition, although he indicated that he would waive the claim, the same argument is made for his loss of his direct appeal."

Ex. 39, at 1 (#14). Later, petitioner argued:

> "The record reflects that Mr. Galicia expressed numerous times to his counsel that he had not planned to kill Jasmine, that he had only wanted to talk to her, that he felt there were extenuating circumstances that could help explain his actions that might be relevant to a jury. And although his attorney may have felt that Mr. Galicia's proposed arguments in defense and mitigation were not advisable, the final decision on whether or not to go to trial rests solely with the defendant."

Id., at 7-8. In its decision, the Nevada Supreme Court held:

> Galicia also makes cursory arguments raising claims that he abandoned in the district court. We need not consider those, but nevertheless conclude they are without merit: (1) his appeal deprivation claim because it is without support in the record; and (2) his claim that trial counsel ineffectively assisted him in entering his plea because he fails to prove or allege prejudice such that there is a reasonable probability that, but for counsel's errors, Galicia would not have pleaded guilty and would have insisted on going to trial.

Ex. 44, at 2 n.1 (citations omitted) (#14).

Respondents unpersuasively argue that the direct-appeal claim that the Nevada Supreme Court mentions is not the same claim of ineffective assistance of counsel presented in federal amended grounds. Both post-conviction appellate counsel and the Nevada Supreme Court mentioned a claim about the loss of a direct appeal. However, petitioner never presented in his state habeas corpus petition a free-standing claim that he was deprived of his direct appeal. The claim always was that counsel provided ineffective assistance because counsel did not advise petitioner about a direct appeal. See Ex. 23, at ground 1 (#13). When both post-conviction appellate counsel and the Nevada Supreme Court mentioned the claim about the loss of a direct appeal, they could only have been referring to the claim of ineffective assistance of counsel. Any other conclusion would require the court to assume that both counsel and the Nevada Supreme Court created a claim that did not exist. The Nevada Supreme Court did deny this claim summarily on the merits. Federal amended ground 2 is exhausted.

Respondents also unpersuasively argue that the claim of ineffective assistance in entering petitioner's plea, mentioned by the Nevada Supreme Court, is not the same claim that petitioner presents in federal amended ground 4. State ground 3 was the equivalent to federal amended ground 4: Counsel provided ineffective assistance because he did not investigate possible defenses. State ground 4 is a claim that counsel provided ineffective assistance because counsel gave petitioner poor advice regarding the consequences of his guilty plea. In the post-conviction appeal brief to the

Nevada Supreme Court, petitioner combined both of those arguments. He argued that counsel failed to ensure that petitioner was understanding the proceedings. He also argued that he wanted to present a defense that he had not intended to kill Jasmine, and that there were extenuating circumstances. Ex. 39, at 7-8 (#14). The Nevada Supreme Court did deny this claim summarily on the merits. Federal amended ground 4 is exhausted.

Respondents argue that federal amended ground 3 fails to state a claim. Normally, the court would defer ruling on this issue until the time is ripe to rule on the merits of all remaining claims. However, petitioner's argument in opposition becomes an improper transformation of the ground. The court will address the issue now in case petitioner wishes to raise his new claim properly.

Federal amended ground 3 is a claim that the trial court erred by failing to inform petitioner about his right to a direct appeal, and thus failed to ensure that petitioner understood the guilty-plea proceedings, in violation of due process and fundamental fairness guaranteed by the 5th, 6th, and 14th amendments. The court of appeals has held that the constitution does not require such an advisement. Tanner v. McDaniel, 493 F.3d 1135, 1146-47 (9th Cir. 2007); Gairson v. Cupp, 415 F.2d 352, 353 (9th Cir. 1969). Petitioner argues that state law requires the judge to inform the petitioner about the right to appeal, and that state law has created a liberty interest, protected by the Fourteenth Amendment, that petitioner be treated the same way that similarly situated defendants are treated. This is not the claim that petitioner has presented in federal amended ground 3. Petitioner is presenting a new legal theory and is creating a new ground for relief. An opposition to a motion to dismiss is not the proper method of raising a new ground; petitioner will need to move for leave to further amend the petition if he wishes to present this new ground. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). Federal amended ground 3 is without merit, and the court dismisses it.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#21) is **GRANTED** in part. Ground 3 of the first amended petition (#12) is **DISMISSED** for lack of merit.

///

///

///

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

Dated: September 12, 2012.

_____
ROBERT C. JONES
Chief United States District Judge